TODD C. BANK, Individually and on Behalf
of All Others Similarly Situated,

                                Plaintiff,

            - versus -

CARIBBEAN CRUISE LINE, INC.,

                                Defendant.

MEMORANDUM
AND ORDER
12-CV-584

A P P E A R A N C E S:

    TODD C. BANK
        119-40 Union Turnpike, 4th Floor
        Kew Gardens, NY 11415
        *Pro Se Plaintiff*

    GREENSPOON MARDER, P.A.
        100 West Cypress Creek Rd., Suite 700
        Fort Lauderdale, FL 33309
    By:    Richard W. Epstein
        *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

        Todd C. Bank brings this action against Caribbean Cruise Line ("CCL"), alleging violations of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(B), and a regulation promulgated thereunder, 47 C.F.R. § 64.1200(a)(2).[1] At the final pretrial conference held on January 17, 2014, Bank agreed to settle his claim for damages against CCL for $1,500, but retained his claim for injunctive relief. *See* Minute Entry 1/17/2014. Bank now moves for a permanent injunction prohibiting CCL from violating 47 U.S.C. § 227(b)(1)(B) and

---

[1]     The factual background of the case is described in Magistrate Judge Vera Scanlon's Report and Recommendation to deny the defendant's motion for summary judgment, which I adopted on September 30, 2013. *See* Report and Rec., at 2-4, ECF No. 49.

47 C.F.R. § 64.1200(a)(2). For the reasons stated below, the motion is denied without prejudice to supplemental briefing as set forth below.

DISCUSSION

Bank's motion for a permanent injunction is based on 47 U.S.C. § 227(b)(3), which provides in pertinent part as follows:

> A person or entity may . . . [bring]
>
> (A) an action based on a violation of this subsection [of the TCPA] or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

47 U.S.C. § 227(b)(3). Bank argues that because injunctive relief is authorized by the statute, he is automatically entitled to it if a violation is shown. *See* Pl. Mem. at 3 ("Where a statute provides for injunctive relief, a prevailing plaintiff is automatically entitled to such relief; and, therefore, the common-law requirements for obtaining injunctive relief are inapplicable.").

There is wide agreement that irreparable harm need not be alleged or proven for an injunction to issue when a federal statute – like the TCPA – specifically provides for such relief. *See, e.g.*, *City of New York v. Golden Feather Smoke Shop, Inc.*, 597 F.3d 115, 121 (2d Cir. 2010) ("Requiring a party seeking a statutorily-sanctioned injunction to make an additional showing of irreparable harm, therefore, is not required."); *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975) ("[T]he statutory imprimatur given SEC enforcement proceedings is sufficient to obviate the need for a finding of irreparable injury at least where the statutory prerequisite [of] the likelihood of future violation of the securities laws has been clearly

demonstrated."); *Burlington N. R. R. Co. v. Dep't of Revenue of State of Wash.*, 934 F.2d 1064, 1074 (9th Cir. 1991) (irreparable harm to the plaintiff need not be shown when an injunction is sought based on a federal statute that specifically provides for such relief); *Illinois Bell Tel. Co. v. Ill. Commerce Comm'n*, 740 F.2d 566, 571 (7th Cir. 1984) (same); *Capital Tool & Mfg. Co. v. Maschinenfabrik Herkules,* 837 F.2d 171 (4th Cir.1988) ("[A] complainant need not allege or prove irreparable harm when it invokes a statute that authorizes injunctive relief."). *But see Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1098 (11th Cir. 2004) ("[S]everal of our cases also suggest that, when Congress authorizes injunctive relief, it implicitly requires that the traditional requirements for an injunction be met in addition to any elements explicitly specified in the statute." (citing, *inter alia*, *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944)).

Several courts have applied this principle to § 227(b)(3) and issued injunctions under the TCPA without requiring a showing of irreparable harm. *See J2 Global Commc'ns, Inc. v. Blue Jay Inc.*, 75 Fed. R. Serv. 3d 267, at *8 (N.D. Cal. 2009) ("The TCPA provides for injunctive relief as a remedy. Because injunctions are authorized by statute, irreparable injury need not be shown.") (internal citation omitted); *Lynn v. Monarch Recovery Mgmt., Inc.*, No. 11-CV-2824, 2013 WL 1247815, at *7 (D. Md. Mar. 25, 2013) *on reconsideration in part*, 953 F. Supp. 2d 612 (D. Md. 2013) ("A complainant need not allege or prove irreparable harm when it invokes a statute that authorizes injunctive relief.") (internal quotation and alteration omitted); *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 325 (2006) (same).

There is, however, some disagreement regarding whether a plaintiff must show a likelihood of future violations before a court may properly issue an injunction pursuant to § 227(b)(3). In *Lynn*, the court granted an injunction based only on a showing of a violation of the statute, without considering the likelihood of future violations. *See* 2013 WL 1247815, at *7

("47 U.S.C. § 227(b)(3) authorizes injunctive relief for a violation of the subsection. Further, [the plaintiff] has shown that [the defendant] violated that subsection's call charged provision, § 227(b)(1)(A) (iii). Injunctive relief is therefore warranted.") (internal citation omitted). Other courts, however, have come to the opposite conclusion, and have either explicitly or implicitly taken into account whether a likelihood of future violations has been shown in determining whether to issue injunctive relief under § 227(b)(3). *See J2 Global*, 75 Fed. R. Serv. 3d at *8 (considering likelihood of future violations in deciding to issue injunction pursuant to § 227(b)(3)); *Minn. ex rel. Hatch v. Sunbelt Commc'ns & Mktg.*, 282 F. Supp. 2d 976, 980 (D. Minn. 2002) (same); *Hamilton v. Voxeo Corp.*, No. 07-CV-404, 2009 WL 1868541, at *2 (S.D. Ohio June 25, 2009) (same); *Edwards*, 122 Nev. at 325 (holding that even if the plaintiff has "shown that the statutory conditions have been met, [he still] must demonstrate a likelihood of future violations before an injunction will issue [under § 227(b)(3)]").

    The Second Circuit has explained that even in the context of a statutory injunction, "the 'critical question'" in determining whether to issue injunctive relief, "is whether 'there is a reasonable likelihood that the wrong will be repeated.'" *Mgmt. Dynamics, Inc.*, 515 F.2d at 807 (quoting *S.E.C. v. Manor Nursing Ctr., Inc.*, 458 F.2d 1082, 1100 (2d Cir. 1972) and collecting cases); *see also Sierra Club v. Franklin Cnty. Power of Ill., LLC*, 546 F.3d 918, 935 (7th Cir. 2008) ("Circuit courts have upheld orders granting injunctive relief . . . when, in an action for a statutory injunction, a violation was demonstrated and there was a reasonable likelihood of future violations."). Accordingly, I decline to issue an injunction pursuant to § 227(b)(3) absent a showing that there is a reasonable likelihood that CCL will engage in future violations of the TCPA. Bank has not made such a showing and therefore his motion for injunctive relief is denied.

It appears from the papers submitted by Bank in support of this motion that if I deny the motion he wishes to further litigate the issue. *See, e.g.*, Pl. Reply Mem., at 2. The likelihood of future violations was not addressed in CCL's previous motion for summary judgment. As such, I propose that the parties address this topic in the first instance through supplemental Rule 56 briefing. Specifically, any party seeking summary judgment on the question of whether there is a likelihood of future violations shall file a motion for summary judgment on that issue by May 30, 2014. Opposition papers to any motion shall be filed by June 13, 2014. Reply papers, if any, shall be filed by June 20, 2014. I will determine upon receipt of the motion(s) whether oral argument is appropriate.

## CONCLUSION

For the reasons stated above, Bank's motion to permanently enjoin CCL from violating the TCPA is denied without prejudice to renewal as discussed above.

So ordered.


John Gleeson, U.S.D.J.


Dated: May 12, 2014
      Brooklyn, New York