

14-3257
Bank v. Caribbean Cruise Line

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand fifteen.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
>> *Circuit Judges*.

_____

**Todd C. Bank,**

> *Plaintiff-Appellant*,

v.  14-3257

**Caribbean Cruise Line, Inc.,**

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:   TODD C. BANK, pro se, Kew Gardens, NY.

FOR DEFENDANT-APPELLEE:   John H. Pelzer (Richard W. Epstein, Jeffrey A. Backman, *on the brief*),

1

MANDATE

MANDATE ISSUED ON 08/14/2015

                                                Greenspoon Marder, P.A., Fort Lauderdale, FL.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**, the judgment of the district court is **VACATED**, and the case is **REMANDED** with instructions to dismiss the case as moot.

Todd C. Bank, an attorney proceeding pro se, appeals from the judgment entered on August 15, 2014, by the United States District Court for the Eastern District of New York (Gleeson, *J.*), denying his motion for a permanent injunction against Caribbean Cruise Line, Inc. ("CCL"), pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

In his sole challenge on this appeal, Bank asserts that the district court applied the incorrect legal standard by requiring him to demonstrate a likelihood of future violations in order to obtain an injunction under Section 227(b) of the TCPA. *See Bank v. Caribbean Cruise Line, Inc.*, No. 12-cv-584, 2014 WL 1883586, at *2 (E.D.N.Y. May 12, 2014). Before we reach this issue, we must first address whether we lack Article III jurisdiction on mootness grounds. *See United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007) ("[W]e have an independent obligation to ensure that developments in the case have not rendered the appeal moot.").

"It is well established that the Case or Controversy Clause of Article III, Section 2 of the United States Constitution limits the subject matter jurisdiction of the federal courts such that the parties must continue to have a personal stake in the outcome of the lawsuit." *Tanasi v. New Alliance Bank*, 786 F.3d 195, 198 (2d Cir. 2015) (internal quotation marks and alteration omitted). "That is, '[w]hen the issues in dispute between the parties are no longer live, a case becomes moot.'" *Id.* (quoting *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005)). "An action not moot at its inception can become moot on appeal if 'an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Westchester v. U.S. Dep't of Hous. & Urban Dev.*, 778 F.3d 412, 416 (2d Cir. 2015) (quoting *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010)). "[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

In this action, Bank alleges that, in January of 2012, CCL violated the TCPA by placing a call to his residential telephone line, using an artificial prerecorded voice, which stated that if Bank completed a survey and remained on the line, he would be given an opportunity to take a cruise. Bank sought, inter alia, **"**an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2)." App'x at 18. Following a bench trial on the issue of injunctive relief, the district court denied Bank's motion for a permanent injunction.

3

Bank subsequently filed a new complaint against CCL, alleging that CCL had made additional calls of the same variety in August of 2012. That action terminated in a judgment, entered on CCL's consent but over Bank's objection, which enjoined CCL from calling the Bank's residential telephone number in a manner that violates 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2). *See Bank v. Caribbean Cruise Line, Inc.*, No. 14-4720-cv (2d Cir. 2015).

Bank does not claim that, if he were to prevail on this appeal, the injunction sought in this action would differ in any manner from the permanent injunction he has already obtained. The injunction entered against CCL in Bank's companion case therefore moots the only relief this Court could provide. *See Amador v. Andrews*, 655 F.3d 89, 99−100 (2d Cir. 2011) ("[I]n the usual case, if the basis for the claim has been rectified or if the plaintiff is no longer subject to the challenged conduct, the claim is moot."). Accordingly, the interesting question Bank now raises about the proper standard for awarding injunctive relief under the TCPA has been rendered purely academic and thus not subject to our review. *See Lillbask*, 397 F.3d at 84 ("[A]t [the] uncontroverted core [of the case or controversy requirement] lies the principle that, at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." (quoting *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001)).

"When a case is mooted on appeal, the appellate court is not automatically compelled to simply dismiss the appeal: it retains jurisdiction to vacate the district court's judgment and remand with direction to dismiss as moot." *Russman*, 260 F.3d at 121. The established practice is to vacate the judgment below in order "to prevent an unreviewable decision from spawning any legal consequences." *Camreta v. Greene*, 131 S. Ct. 2020, 2035 (2011) (internal quotation marks

4

omitted). Because the entry of a judgment pursuant to CCL's unaccepted Rule 68 offer frustrated Bank's ability to challenge the district court's ruling that he must demonstrate a likelihood of future violations in order to obtain an injunction under the TCPA, we vacate the district court's judgment and remand with instructions to dismiss the case.

    For the foregoing reasons, the appeal is **DISMISSED**, the district court's judgment is **VACATED**, and the case is **REMANDED** to the district court with instructions to **DISMISS** the case as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit